FILED
CLERK, U.S. DISTRICT COURT
JUN 3 0 2014
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON WAYNE JONES, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | Case No. ED CV 13-1616 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Gordon Wayne Jones, Jr. ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Two issues are presented for decision here:

1. Whether the Administrative Law Judge ("ALJ") properly determined Plaintiff's residual functional capacity ("RFC"), (*see* Joint Stip. at 4-11); and

2. Whether the ALJ properly evaluated Plaintiff's credibility. (*See id.* at 24-27).

The Court addresses, and rejects, Plaintiff's contentions below.

### A. The ALJ Properly Determined Plaintiff's RFC

Plaintiff first argues that the ALJ erred in determining his RFC. (*See* Joint Stip. at 4-11.) Specifically, the ALJ erred by giving "great weight" to the non-examining medical expert regarding Plaintiff's physical limitations, (*id.* at 4-5; Administrative Record ("AR") at 19), and rejecting the opinions of Plaintiff's treating physicians regarding his mental limitations. (*See* Joint Stip. at 5-11.) The Court takes each argument in turn.

#### I. The ALJ Properly Relied on the Medical Expert

First, Plaintiff argues that the ALJ improperly relied on the opinion of the medical expert, Dr. John Morse, in finding that Plaintiff was capable of light work. (*See id.* at 4-5.)

"The opinions of non-treating or non-examining physicians may [] serve as substantial evidence when the opinions are consistent with independent clinical findings." *Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002). "Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (citation omitted).

Here, Dr. Morse's opinion constitutes substantial evidence because it is consistent with independent clinical findings and the record as a whole. As the ALJ noted, "the evidence repeatedly shows that Plaintiff's various conditions are stable or well-controlled." (AR at 17-18; 343-44 (describing seizures, diabetes, and sleep apnea as stable); 338, 370 (showing "unremarkable" brain MRI and "[n]ormal EEG"); 329-32 (finding hernia stable after surgery); 428, 434 (noting good range of motion in shoulders and normal right and left shoulder series).) Moreover, Plaintiff generally received only routine, conservative treatment. (*Id.* at 17-18; 331-35 (taking medication for seizures, painkillers for hernia, and nothing for diabetes);

376 (treating shoulder with "stretching and physical therapy"); 401 (recommending weight loss, avoiding alcohol, and nasal steroid for sleep apnea).)

Notably, Plaintiff does not point to a single medical record that contradicts Dr. Morse's opinion. (*See generally* Joint Stip.) Indeed, in his portion of the Joint Stipulation, Plaintiff does not discuss *any* evidence relating to his physical impairments. (*Id.*); *see Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (federal courts do not "manufacture arguments for an appellant" or "consider any claims that are not actually argued"). Accordingly, the ALJ properly relied on Dr. Morse's opinion, which constitutes substantial evidence in this case.

## II. The ALJ Properly Rejected Plaintiff's Treating Physicians

Second, Plaintiff argues that the ALJ improperly rejected the opinions of his treating physicians, Drs. Harry Schwerdtfeger, Philip Cheu, Donald Schubert, and Onsi Habeeb El-Zayat. (*See* Joint Stip. at 5-11.)

"Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan*, 242 F.3d at 1149 (citation omitted); *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) ("[T]he opinion of the treating physician is not necessarily conclusive as to either a physical condition or the ultimate issue of disability.").

An ALJ may discount the treating physician's opinion when it is not supported by objective evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). "When evidence in the record contradicts the opinion of a treating physician, the ALJ must present 'specific and legitimate reasons' for discounting the treating physician's opinion, supported by substantial evidence." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)).

        a.    <u>Dr. Schwerdtfeger</u>

As to Dr. Schwerdtfeger, the ALJ did *not* reject his opinion. Rather, the ALJ summarized and incorporated the relevant portions of Dr. Schwerdtfeger's treatment notes. (*See* AR at 18.) The ALJ recounted that Plaintiff presented with depression, but had no history of mental illness. (*Id.* at 587.) He was treated with "conservative prescription medication . . . which was subsequently noted as being effective." (*Id.* at 18.) Indeed, Dr. Schwerdtfeger's records reflect that, as of Plaintiff's third appointment, his medications were working effectively. (*Id.* at 589, 591, 595.) After two months of treatment, the doctor further noted that Plaintiff "talks more, smiles and jokes." (*Id.* at 593.) Moreover, Dr. Schwerdtfeger never gave an opinion as to Plaintiff's cognitive limitations or ability to work for the ALJ to reject. (*See generally id.* at 584-98.) The ALJ thus properly evaluated Dr. Schwerdtfeger's treatment notes.

        b.    <u>Dr. Cheu</u>

Next, with regard to Dr. Cheu's statement that Plaintiff is "still unable to return to full time employment at this time,"[1] a treating physician's *non-medical* opinion on whether the claimant is disabled "is not entitled to special significance." *Boardman v. Astrue*, 286 Fed.Appx. 397, 399 (9th Cir. 2008) (citation omitted). In other words, Dr. Cheu's non-medical opinion that Plaintiff is unable to work is not binding on the Commissioner. *See* C.F.R. § 404.1527(d)(1) (statements by a medical source that you are 'disabled' or 'unable to work' "are not medical opinions, [] but are, instead, opinions on issues reserved to the Commissioner"). Therefore, the ALJ was not required to explicitly detail her reasons for rejecting this opinion. *See Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) (because "opinions by medical experts regarding the ultimate question of disability are not

---

[1] Plaintiff's *only* allegation of error with regard to Dr. Cheu's opinion is the ALJ's rejection of this particular statement. (*See* AR at 6-7.)

4

binding[,] . . . [the Commissioner] was not obliged to explicitly detail his reasons for rejecting the [treating physician's] opinion.")  The ALJ thus properly disregarded Dr. Cheu's statement.

### c.     Dr. Schubert

Next, the ALJ properly rejected the extreme limitations imposed in Dr. Schubert's "mental residual capacity questionnaire" because "they are not consistent with the record as a whole." (AR at 19, 618-23); *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("it was permissible for the ALJ to give [treating opinion] minimal evidentiary weight, in light of the objective medical evidence and the opinions and observations of other doctors.").  As described above, Plaintiff's conditions were generally stabilized by conservative prescription medications.  The Court further notes that the questionnaire is inconsistent with Dr. Schubert's own fourteen lines of treatment notes, wherein he indicates that Plaintiff was depressed and anxious about money, but that his condition was improving. (AR at 618.)  As such, the ALJ properly rejected Dr. Schubert's opinion.

### d.     Dr. El-Zayat

Finally, any error that the ALJ may have committed by failing to address Dr. El-Zayat's "mental residual capacity questionnaire" was harmless because it was not supported by any treatment notes. (*See* AR at 625-29); *Batson*, 359 F.3d at 1195 (ALJ properly discounts a treating physician's opinion when it is conclusory, brief, and unsupported); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ may reject check-off forms that do not explain the bases for their conclusions); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless"); *Molina v. Astrue*, 674 F.3d 1104, 1109 (9th Cir. 2012) (finding errors "harmless where it was clear they did not alter the ALJ's decision").  Dr. El-Zayat's questionnaire neither contains objective support, nor provides a medical basis for its findings. (AR at 625-29.)  Indeed, the record contains no treatments records from Dr. El-Zayat whatsoever. (*See generally* AR.)

Accordingly, the ALJ committed no error in disregarding this evidence.

For the above reasons, the ALJ properly evaluated the opinions of Plaintiff's treating physicians, and in turn, properly determined Plaintiff's RFC.

B.  The ALJ Properly Rejected Plaintiff's Credibility

Plaintiff also insists that the ALJ improperly evaluated his credibility. (*See* Joint Stip. at 20-24.)

An ALJ can reject a claimant's subjective complaints by expressing clear and convincing reasons for doing so. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

Here, the ALJ properly discounted Plaintiff's credibility. Three reasons guide this determination.

First, the ALJ properly determined that Plaintiff's daily activities are inconsistent with his allegation of complete disability. (*See* AR at 16-17); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (An "ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting") (citations omitted). In this case, Plaintiff admitted daily activities including helping his wife with the housework, washing dishes, preparing meals, and feeding a pet bird. (*See* AR at 16-17, 71-73.) Additionally, Plaintiff watches television, attends weekly church services, and participates in a Bible study class. (*Id.* at 73.) Such activities undermine Plaintiff's allegation of total disability.

Second, the ALJ properly rejected Plaintiff's credibility because his testimony was inconsistent with his adult function report. (*See id.* at 16-17); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (specifically listing inconsistent statements as a valid reason for discrediting a claimant). In his adult function

6

report, Plaintiff claimed that he was unable to do *any* housework. (AR at 167.) To the contrary, at his hearing, Plaintiff testified that he *does* share in the housework, including washing dishes, cooking, and feeding a pet bird. (*Id.* at 71-72.)

Third, the ALJ properly considered Plaintiff's conservative treatment. (*See id.* at 17-18); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (conservative treatment can discount the severity of symptoms). Plaintiff's treatment, as described in depth above, was found to include only pain killers, anti-depressants, physical therapy, stretching, and weight loss. (*See* AR at 18, 331-35, 376, 401.)

Accordingly, the ALJ properly rejected Plaintiff's credibility.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: 6-30-2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge